IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-mc-00018-MR

IN RE: GRACIANO SOTO SOLIS EL.     )
                                   )     **O R D E R**
                                   )
_____)

**THIS MATTER** comes before the Court on the Petitioner's "Declaration of Nationality." [Doc. 1].

On July 6, 2022, the Petitioner Graciano Soto Solis El commenced the present miscellaneous action by filing a "Declaration of Nationality," along with several attachments, including a "Lawful Notice and Legal Notice," an "Affidavit and or Judicial Notice," an "Affidavit: Certificate of Citizenship," and an "Affidavit: Right to Travel." [Doc. 1].[1] In these filings, which are not addressed specifically to this Court, the Petitioner asserts that he is a "Free and Indigenous-Sovereign" and therefore has "TAX IMMUNE STATUS, as it pertains to all Federal, State, City, Municipal, County, Local Real Estate and Sales Taxes of the Union States Rights Society, U.S. of A., in accord with all

---

[1] The Petitioner initially filed this action in the Charlotte Division and paid the filing fee to the Clerk's Office in Charlotte. Because the action was filed in the wrong division, it was subsequently transferred to the Asheville Division. At the time of transfer, the docket did not reflect that a filing fee had been paid. Therefore, the Clerk's Office issued a Notice of Deficiency to the Petitioner. [Doc. 2]. The docket has since been updated to reflect that the Petitioner paid the required filing fee at the time of filing. Accordingly, the Court will direct the Clerk to withdraw the Notice of Deficiency [Doc. 2].

relative Supreme Constitution Law, Treaty(s) and/or Statue(s) [sic] at large." [Doc. 1 at 2, 12].

The Petitioner's filings appear to rely on legal theories similar to those espoused by individuals who are commonly called "sovereign citizens." The sovereign citizen movement is premised on a theory that federal, state, and local governments are illegitimate and thus, laws and regulations enacted by those bodies are unenforceable. See Shipman v. Bank of Am., No. 3:16-CV-772-RJC-DSC, 2017 WL 872651, at *2 (W.D.N.C. Mar. 3, 2017), report and recommendation adopted in part sub nom. Shipman v. Funds Mgmt. Branch, No. 3:16-CV-772-RJC-DSC, 2018 WL 3872320 (W.D.N.C. Aug. 15, 2018). Courts across the United States have rejected the legal claims and defenses asserted by sovereign citizens, finding such claims and defenses to be "frivolous, irrational and unintelligible." Id.; see also United States v. Mitchell, 405 F. Supp. 2d 602, 604-06 (D. Md. 2005) (summarizing history of "sovereign citizen" legal theories).

Here, the Petitioner's filings are legally baseless and present no cognizable basis upon which the Court can grant any relief. The Court has inherent authority to dismiss a frivolous action *sua sponte.* See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (noting that "frivolous

complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid") (citing Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296, 307-08 (1989)). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an 'indisputedly meritless legal theory' and including 'claims of infringement of a legal interest which clearly does not exist.'"). Accordingly, in the exercise of its discretion, the Court will dismiss this action as frivolous.

The Petitioner is advised that litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Petitioner is hereby informed that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods N. Am.,

Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

**IT IS, THEREFORE, ORDERED** that the Petitioner's "Declaration of Nationality" [Doc. 1] is **DISMISSED** as frivolous.

**IT IS FURTHER ORDERED** that the Notice of Deficiency [Doc. 2] is hereby **WITHDRAWN**.

The Clerk of Court is respectfully directed to close this civil action.

**IT IS SO ORDERED.**

Signed: August 5, 2022

Martin Reidinger
Chief United States District Judge